# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITT SAMUEL,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL HEALTH SERVICES, INC.,<br>d/b/a WASCO MEDICAL CENTER,<br><br>        Defendant. | 1:06-cv-01358-AWI-TAG<br><br>REPORT AND RECOMMENDATION<br>TO DENY PLAINTIFF'S MOTION<br>TO PROCEED IN FORMA PAUPERIS<br>(Doc. 2) |

Plaintiff Kitt Samuel ("plaintiff") is proceeding pro se with a civil action concerning disability discrimination. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

**PROCEDURAL HISTORY**

Plaintiff filed this action on September 27, 2006. (Doc. 1.) The complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code § 51 and Cal. Civ. Code § 54 ("the Unruh Act"). Plaintiff has moved to proceed in forma pauperis. (Doc. 2.)

On December 16, 2005, plaintiff filed a prior action against defendant Wasco Medical Plaza and others making essentially the same allegations as in the instant complaint, in case no. 1:05-cv-01598-AWI-TAG.[1]   On March 23, 2006, defendant filed a motion to dismiss for failure

---

[1] In the prior action, plaintiff designated the defendant as "Wasco Medical Plaza," while in the instant complaint defendant is designated as "Wasco Medical Center." However, both entities are listed as located at 2300 7th St., Wasco, CA, 93280. Although the instant complaint contains three additional causes of action, those claims are alternative theories of "negligent" violation of both the ADA and the Unruh Act that correspond to the three claims of intentional violations of the ADA and the Unruh Act contained in both the prior action and the instant complaint.

1  to state a claim, contending that plaintiff's complaint had failed to specify how and under what
2  circumstances defendant had violated the ADA or the Unruh Act. (Doc. 29). On April 5, 2006,
3  the parties notified this Court that the case had been settled and that a stipulated dismissal would
4  be prepared. (Doc. 32). On April 17, 2006, a stipulation of dismissal with prejudice was filed
5  with the Court. (Doc. 35). On April 19, 2006, the Court dismissed the action *with prejudice*
6  (Doc. 38), and on April 20, 2006, judgment was entered. (Doc. 39). Although the stipulation for
7  dismissal does not indicate the amount of settlement, plaintiff's statement in the instant
8  application to proceed in forma pauperis indicates that he received a judgment in the amount of
9  $10,000 on April 17, 2006. (Doc. 2, p. 2).

## DISCUSSION

In plaintiff's "Application to Proceed without Prepayment of Fees and Affidavit," plaintiff reports that he had been receiving $836 per month in Supplemental Security Income, but that amount was being reduced to $752.40. (Doc. 2). Plaintiff also reports as assets a judgment paid to him on April 17, 2006 of $10,000 and a 1990 van valued at $500. (Doc. 2). Although plaintiff indicates that he has "paid many past debts and medical bills," he provides no information whatsoever regarding his monthly expenses or other outstanding debts. Because of this deficiency, the Court is unable to determine whether his monthly income of either $836 or $752.40 is insufficient for plaintiff to pay the filing fee in this case. See Green v. Cotton Concentration Co., 294 F.Supp. 34, 35 (D.C. Tex. 1968)(affidavit of indigency that both plaintiffs, though employed, each earned less than $350 is insufficient to establish inability to pay); Matter of Anderson, 130 B.R. 497, 500 (W.D.Mich. 1991)(earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); In re Fontaine,10 B.R. 175, 177 (D.R.I. 1981)(no indigency where mother had weekly take-home pay of $132 , no dependents, and lived with mother to whom she contributed $25 per week); Rucker v. County of  Santa Clara, 2003 WL 21440151 (N.D.Cal. June 17, 2003) *1 (sufficient showing of indigency made where plaintiff received monthly disability payment of $748.42 and that amount was exceeded by his outstanding monthly expenses and other debts).

///

In contrast to Rucker, plaintiff here has not included in his declaration any information regarding the amount of his expenses or debts, thus the Court is not in a position to determine whether the $752 per month he receives in disability payments exceeds, or is exceeded by, his monthly expenses and other outstanding debts.  Additionally, plaintiff has declared as an asset a $10,000 legal judgment in April 2006, thus providing additional financial resources from which to pay the filing fees in this case.  From the foregoing, the Court finds that plaintiff has not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1) and that plaintiff is able to pay the costs of commencing this action.

Having concluded that plaintiff is not entitled at this time to proceed in forma pauperis under section 1915(a)(1), the Court need not "screen" plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

However, the Court does note that the first, third, and fifth causes of action in the instant complaint are essentially identical to the first three claims raised in case no. 1:05-cv-01598-AWI-TAG, which was dismissed *with prejudice* as a result of a settlement between plaintiff and defendants, including the defendant named in the instant complaint.

A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998)(quoting Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  A conclusion that a claim is barred by res judicata, i.e., where a prior action has resolved the claims between the same parties involving substantially the same evidence and arising from the same transactional nucleus of facts, will support the district court's denial of a motion to proceed in forma pauperis.  See Minetti, 152 F.3d at 1115.

Based on the foregoing, plaintiff is put on notice that, should he choose to submit another motion to proceed in forma pauperis with an affidavit that seeks to correct the deficiencies noted herein, the Court, in screening the claims in the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),

would have to assess whether those claims have legal merit.  In making such an assessment, the Court would be guided by the Ninth Circuit's ruling in <u>Minetti</u> as to any claims precluded by the doctrine of res judicata. <u>Minetti</u>, 152 F.3d at 1115.  The Court, however, expresses no opinion as to the legal merit of any of the claims, since no screening is required at this time.[2]

## **RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that plaintiff's motion to proceed in forma pauperis (Doc. 2), be DENIED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party who has appeared in this action

---

[2]As to whether a complaint states a claim on which relief may be granted, Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u>  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-406 (6th Cir. 1998).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4

1  may file written objections with the Court and serve a copy on all parties.  Such a document
2  should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The
3  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  Dated:   **October 6, 2006**                             **/s/ Theresa A. Goldner**
   **j6eb3d**                                         UNITED STATES MAGISTRATE JUDGE

5