**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KITT SAMUEL,**<br><br>**Plaintiff**,<br><br>**v.**<br><br>**NATIONAL HEALTH SERVICES, INC. d/b/a/ WASCO MEDICAL CENTER,**<br><br>**Defendant**. | **CV F 06-1358 AWI TAG**<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW A COURT ORDER** |

This is a civil action concerning disability discrimination. On October 10, 2006, the Magistrate Judge filed a Report and Recommendation that recommended the court deny Plaintiff's application to proceed in forma pauperis. On January 29, 2007, the court adopted the Report and Recommendation and ordered Plaintiff to pay the filing fee within thirty days. Well over thirty days has passed and Plaintiff has not paid the filing fee or otherwise contacted the court.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

1995); <u>Ferdik</u>, 963 F.2d at 1260-61.

      At this time, the court will dismiss this action. Plaintiff has not paid the filing fee and this case cannot proceed until the filing fee is paid. The court cannot manage its docket if it maintains cases in which a plaintiff fails to follow court orders and take necessary steps to proceed with an action. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to pay the filing fee or contact the court in over six months. The availability of less drastic sanctions has been considered, but given that Plaintiff has cut off all contact with the court, the court has no effective sanction but to close the case. The court expressly warned Plaintiff that failure to pay the filing fee within thirty days may result in this action's dismissal. Finally, the risk of prejudice to Defendant also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).

      Accordingly, the court ORDERS that:

      1.    This action is DISMISSED for failure to comply with a court order and lack of prosecution; and

      2.    The Clerk of the Court shall close the case.

IT IS SO ORDERED.

**Dated:   August 27, 2007**         **/s/ Anthony W. Ishii**
                                             UNITED STATES DISTRICT JUDGE